**Gilbert S. WARD, Plaintiff–Appellant,**

v.

**Brian C. SNYDER; Poplar Ridge Lumber Company; Nationwide Mutual Insurance Company, Defendants–Appellees.**

No. 00–5628.

United States Court of Appeals,
Sixth Circuit.

May 9, 2001.

Before NORRIS and COLE, Circuit Judges; HOLSCHUH, District Judge.*

Gilbert S. Ward, a North Carolina resident proceeding pro se, appeals a district court order distributing the settlement in this diversity personal injury action. *See* 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

* The Honorable John D. Holschus, United States District Judge for the Southern District of Ohio, sitting by designation.

to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ward, through counsel, sued Brian Snyder, Blaine Snyder, Poplar Ridge Lumber Company ("Poplar Ridge"), and Nationwide Mutual Insurance Company ("Nationwide"). Ward alleged that as he drove near Mountain City, Tennessee, Brian Snyder caused an accident between the Poplar Ridge truck he was driving and Ward's vehicle. Blaine Snyder, Brian's father and owner of Poplar Ridge, and Nationwide, Ward's underinsured motorist carrier, were dismissed as defendants. Shortly before the date set for trial, Ward's attorney reached a settlement agreement with the remaining defendants but Ward refused to sign the settlement documents. The defendants moved for summary judgment on the basis of accord, satisfaction, and settlement. In an order entered March 9, 2000, the district court granted the defendants' motion. On April 11, 2000, the court entered an order directing the distribution of the settlement amount between Ward and his counsel.

In his appeal, Ward argues that: (1) the district court erred in pretrial evidentiary rulings; and (2) his case should have gone to trial.

Initially, we note that the only issue on appeal is the propriety of the district court's April 11, 2000, order distributing the settlement. The appellees filed motions to dismiss the appeal for lack of jurisdiction because Ward filed his notice of appeal more than thirty days after the March 9, 2000, judgment enforcing the settlement. In an order entered August 14, 2000, this court denied the motions but directed that only the issues regarding the April 11, 2000, order could be raised on appeal.

Upon review, we find no clear error in the district court's factual findings. See Fed.R.Civ.P. 52(a); *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Duncan v. Coffee County, Tenn.,* 69 F.3d 88, 92 (6th Cir.1995). After concluding that Ward had authorized the settlement of his case, the district court directed Ward's counsel to file an affidavit of fees and expenses under his contract with Ward. Ward's counsel claimed a fee based upon one-third of the $30,000 settlement, and expenses in the amount of $4531.20. In the April 11, 2000, order, the district court noted that Ward had not disputed either the fee agreement or the amount of expenses and directed that the settlement be distributed as Ward's counsel requested. Ward does not challenge these figures on appeal. Accordingly, the court's factual findings are not clearly erroneous.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.